IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL ERVEN JACKSON,

Petioner,

Case No.: 6:24-cv-01661-CL

v.

**OPINION AND ORDER**

JASON HANSON, Superintedent,
Columbia River Correctional Institution

Respondent.

---

**MCSHANE, District Judge**

Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (Mag. J. Findings & Recommendation, ECF No. 26), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner Paul Ereven Jackson submitted objections to the Findings and Recommendation. Obj., ECF No. 30.[1] I have reviewed the record of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error.

Judge Clarke found that Petitioner's current challenge to his guideline sentence is separate from a previous challenge to a sentence Petitioner calculated under the pre-guideline matrix

[1] Preliminarily, Petitioner objects to Magistrate Judge Clarke twice denying his Motions for Appointment of Counsel. Obj. 1; ECF Nos. 8, 21. The Sixth Amendment right to counsel does not apply in habeas corpus proceedings. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Because the "interests of justice" did not require the appointment of counsel, and counsel was not necessary for effective discovery or an evidentiary hearing, Magistrate Judge Clarke did not err when denying Petitioner's motions. 18 U.S.C. § 3006A(a)(2)(B).

system. Findings & Recommendation 9. A claim presented in a second or successive habeas corpus application under 28 U.S.C. § 2254 that was presented in a prior application shall be dismissed. 28 U.S.C. § 2244(b)(1). A federal habeas petition is second or successive if it "challenges the same state court judgement as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)). Because Mr. Jackson challenges two separate judgements, the instant petition is not second or successive. Findings & Recommendation 9. Mr. Jackson's objection to Magistrate Judge Clarke's finding on this issue is unsuccessful.

Judge Clarke correctly found that Mr. Jackson's petition is untimely. There is a one-year period of limitation on an application for a writ of habeas corpus by "a person in custody pursuant to the judgement of State court". 28 U.S.C. § 2244(d)(1). Here, that period began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D).

Here, Mr. Jackson knew of his calculated sentence and release as early as August 2019. Findings & Recommendation 12. Because Mr. Jackson challenged his guidelines sentence more than one year after August 2019, and he fails to convincingly argue why tolling is appropriate, he is not entitled to habeas relief.[2] *Hasan v. Galaza*, F.3d 1150, 1154 n.3 (9th Cir. 2001).

After considering Petitioner's objections and reviewing the file of this case *de novo*, Judge Clarke's Findings & Recommendation, ECF No. 26, are ADOPTED in full. Accordingly,

[2] Mr. Jackson requests that this Court consider equitable tolling. Obj. 6. To establish a basis to grant equitable tolling, Mr. Jackson must prove two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Because nothing in Mr. Jackson's objection demonstrates that he faced any extraordinary obstacle to filing his writ, his request for equitable tolling is denied.

Petitioner's Writ of Habeas Corpus, ECF No. 2, is DENIED, and this action is DISMISSED with prejudice. A Certificate of Appealability is DENIED as well.

IT IS SO ORDERED.

DATED this 8th day of September 2026.

_______/s/ Michael McShane_____
Michael McShane
United States District Judge